JUSTICES NELSON, REGNIER, LEAPHART, JUSTICE TRIEWEILER
dissenting.
¶28 I dissent from the majority opinion. I do not agree that district courts have unrestricted authority to enforce their judgments. Nor do I agree that district courts are divested of authority to decide timely filed post-judgment motions simply because a notice of appeal was filed.
*516 ¶29 We have in the past used broad language in defining a district court’s authority to enforce its judgments. However, in the case of judgments for money, we have a specific statutory scheme for post-judgment execution which provides procedural safeguards for the judgment debtor. See § 25-13-201, MCA, et seq. When the legislature has seen fit to establish an exhaustive process for the collection of district court judgments, I conclude that the amorphous authority of district courts to enforce their judgments has been circumscribed. Otherwise, the procedures and limitations established by the legislature are meaningless.
¶30 The majority having produced no authority for the District Court’s order of assignment other than broad, undefined powers of courts, I would reverse the order of the District Court that Andersen assign the proceeds from her personal action to her creditor.
¶31 Finally, the majority’s treatment of Andersen’s Rule 60(b), M.R.Civ.P., motion creates an anomaly in post-judgment procedure. While it is true that notices of appeal normally divest a district court of jurisdiction, we have made an exception for those post-trial remedies provided in Rules 50 (motion for judgment as a matter of law), 52(b) (motion to amend findings), and 59 (motion for new trial). In those situations our rules provide that,
A notice of appeal filed before the disposition of any of the above motions, whether by entry of an order or deemed denial, shall be treated as filed after such order or denial and on the day thereof.
Rule 5, M.R.App.P.
¶32 Our rules provide that a notice of appeal filed before a timely motion for any of the above post-judgment forms of relief does not divest the district court of authority because parties would otherwise be able to preempt district courts and opposing parties from the full range of relief provided for in our rules. There is no logical reason to treat motions which have been timely filed pursuant to Rule 60(b) any differently.
¶33 For these reasons, I dissent from the majority opinion and I would reverse the orders of the District Court which require Andersen to assign the proceeds from her malpractice cause of action and I would reverse the District Court’s refusal to consider her Rule 60(b) motion.